5

Marisol Nagata, Esq. (SBN 221387)
Kelli M. Brown, Esq. (SBN 328176)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

*Attorneys for Movant,*
*U.S. Bank Trust National Association, as Trustee of the Tiki Series IV Trust, its successors and/or assignees*

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - MODESTO DIVISION

| | |
|---|---|
| In Re:<br><br>Thuy N. Jackson,<br><br>    Debtor. | Case No.: 23-90575<br><br>DCN: KMB-1<br><br>CHAPTER 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM AND POINTS AND AUTHORITIES THEREOF**<br><br>Hearing Date:<br>Date: April 9, 2024<br>Time: 1:00pm<br>Ctrm: Suite 200<br>Place: 1200 I Street, Modesto, CA<br><br>Judge: Hon. Christopher D. Jaime |

U.S. Bank Trust National Association, as Trustee of the Tiki Series IV Trust, its successors and/or assignees ("Movant"), moves this Court for an order for annulment of the automatic stay in order to deem the foreclosure sale completed on January 12, 2024 as to the real property commonly known as 1508 Rose Garden Court, Modesto, California 95356 ("Property"). Movant submits the following in support of its Motion.

/ / /

## I. STATEMENT OF FACTS

1. On or about July 22, 2005, Thuy Jackson ("Debtor") signed the Note in the original amount of $412,500.00. The Property is secured by the Deed recorded on July 28, 2005 as Document Number 2005-0131428-00 in Stanislaus County, CA. A true and correct copy of the Note and Deed are filed concurrently herewith as Exhibits "1 and 2", respectively.

2. Movant was assigned interest in the Property via an Assignment of Deed of Trust on or about July 18, 2022. A true and correct copy of the chain of title is filed concurrently herewith as Exhibit "3".

3. On April 3, 2023, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded in the Official Records of the Stanislaus County Recorder's Office as Document Number 2023-0014405. A true and correct copy of the NOD is filed concurrently herewith as Exhibit "4".

4. On September 12, 2023, a Notice of Trustee's Sale ("NOTS") was recorded in the Official Records of the Stanislaus County Recorder's Office as Document Number 2023-0042896, which set a foreclosure sale for October 20, 2023. A true and correct copy of the NOTS is filed concurrently herewith as Exhibit "5". The foreclosure sale originally scheduled for October 20, 2023 was postponed to December 8, 2023 for loss mitigation reasons. The foreclosure sale was again postponed to January 12, 2024 due Debtor's filed bankruptcy case.

5. On December 4, 2023, Debtor filed the instant bankruptcy petition in the Eastern District of California, Modesto Division on December 4, 2023 as case number 23-90575 ("Current Case").

6. On January 2, 2024, an order dismissing case for failure to timely file document(s) was entered ("First Dismissal Order"). *See* Docket Entry No. 20. As a result of the dismissal, Movant proceeded with its scheduled foreclosure sale on January 12, 2024. The Property was sold on January 12, 2024 to a third party purchaser for value. Sometime after the foreclosure sale had already concluded, Docket Entry No. 20 was updated indicating

that the notice was deleted and requested in error. Movant asserts that no notice was ever received to indicate that the dismissal order had been vacated.

7. On January 31, 2024, a second order dismissing the Debtor's Current Case for failure to timely file documents was entered ("Second Dismissal Order"). *See* Docket Entry No. 31.

8. As a result, Movant seeks annulment of the automatic stay in order for the sale held on January 12, 2024 to be deemed valid.

## II. ARGUMENT

Section 362(d) "gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 572 (9th Cir. 1992). Retroactive relief validates acts which violate the automatic stay and would otherwise be void. *Id*. at 573; *Lone Star Sec. & Video, Inc. v. Gurrola* (*In re Gurrola*), 328 B.R. 158, 172 (9th Cir. BAP 2005); see also *E. Refractories Co. v. Forty Eight Insulations, Inc.,* 157 F.3d 169, 172 (2d Cir. 1998)(retroactive annulment of the stay validates actions taken in contravention of such stay, where as termination, modification, and conditioning generally take effect only as of the date such relief is granted). Under this approach, the bankruptcy court considers "(1) whether the creditor was aware of the bankruptcy petition and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." *In re Nat'l Envtl. Waste Corp.,* 129 F.3d at 1055. *In re Fjeldsted v. Lien et al.* (*In re Fjeldsted*), 293 B.R. 12, 24 (BAP 9th Cir. 2003), the court identified twelve additional factors that can be relevant in deciding whether retroactive annulment of the stay is justified:

1. Number of filings;
2. Whether, in repeat filing case, the circumstances indicate an intention to delay and hinder creditors;
3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is made not retroactive, including whether harm exists to a bon fide purchase;
4. The debtor's overall good faith (totality of the circumstances test);

5. Whether creditors knew of the stay but nonetheless took action; thus, compounding the problem;

6. Whether the debtor has complied, and is otherwise complying with the Code and Rules;

7. The relative ease of restoring the parties to the status quo ante;

8. The costs of annulment to debtors and creditors;

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale of violative conduct;

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;

11. Whether annulment of the stay will cause irreparable injury to the debtor; and

12. Whether stay relief will promote judicial economy or other efficiencies.

*Id.* 293 B.R. at 25.

These factors, however, "are merely a framework for analysis and not a scorecard," and thus "[i]n any given case, one factor may so outweigh the others as to be dispositive." *Id.* The debtor bears the ultimate burden of proving that the request for retroactive relief from the stay should be denied. *In re Fularon*, 2011 WL 4485202, at *5 (citing *In re Nat'l Envtl. Waste Corp.*, 191 B.R. 832, 836 (Bankr. C.D. Cal. 1996)), aff'd, 129 F.3d 1052 (9th Cir. 1997)(debtor has the burden of proof under §362(g)(2) to demonstrate that cause does not exist to annul the stay). *Id.* "[T]here is no per se rule that notice of the bankruptcy case precludes retroactive relief from the stay." *Fularon* at *4.

First and foremost, Movant seeks annulment of the stay based on the sale that was conducted on January 12, 2024 as a result of its understanding that the Debtor's Current Case had been dismissed and the automatic stay terminated based on the First Dismissal Order. Movant received no notice that the First Dismissal Order had been vacated and that the First Dismissal Order had been requested in error until after the foreclosure sale date. Additionally, the Property sold to a third-party purchaser for value. Both the creditor and bona fide purchaser would be harmed if it were required to unwind the sale that has already

taken place especially since Movant was not aware that the First Dismissal Order had been vacated.

Second, Debtor clearly filed this case with no intention of following through with it. Initially, Debtor filed a skeletal petition that provided almost no information except for Schedule D, which only included Servicer and the Property. No other creditors were listed in the Schedule D that was filed. Debtor then requested an extension of time to file schedules and provide required information three separate times. Debtor never filed the balance of schedules or any additional information required. Ultimately, Debtor allowed the case to be dismissed with the entry of the Second Dismissal Order. As such, it can be inferred that Debtor filed this case just as a stall tactic to hinder and delay an imminent foreclosure sale. Thus, it appears unlikely that there would be any irreparable injury to the Debtor should the Court grant Movant's request for annulment of the automatic stay in this case.

## **CONCLUSION**

Based on the foregoing, Movant respectfully requests that the Court grant its Motion with request for annulment of the automatic stay and authorizing Movant to exercise its rights and remedies under applicable law, that the 14-day stay pursuant to Bankruptcy Rule 4001(a)(3) be waived, and for such other and further relief as the Court deems just and proper.

GHIDOTTI | BERGER LLP

Dated: March 8, 2024

By: /s/ Kelli Brown
Kelli Brown, Esq.
Counsel for Movant